Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street
Suite 3100
Los Angeles, California 90071
Telephone: (213) 426-2137

Attorneys for Plaintiff
XPOSURE PHOTOS (UK) LTD.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

XPOSURE PHOTOS (UK) LTD.,

*Plaintiff,*

vs.

KHLOE KARDASHIAN, and DOES 1 through 10,

*Defendants.*

Case No.: 2:17-cv-3088

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

*Jury Trial Demanded*

Plaintiff Xposure Photos (UK) Ltd., for its Complaint against Defendant Khloé Kardashian and Does 1 through 10, alleges as follows:

1. This is an action for copyright infringement brought by plaintiff, the holder of the copyright to the photograph described below, against all defendants for uses of plaintiff's photograph without authorization or permission.

## JURISDICTION AND VENUE

2. This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright law of the United States.

3. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq.

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question), § 1338 (copyright), and 17 U.S.C. § 1203 (alteration or removal of copyright management information).

5. This Court has personal jurisdiction over defendant because, on information and belief, she is a resident of the State of California and this judicial district and, on information and belief, is also doing business in the State of California and in this judicial district.

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1400(a).

## PARTIES

7. Plaintiff Xposure Photos (UK) Ltd. is an entity organized and existing under the laws of the nation of the United Kingdom with its principal place of business in the London borough of Barnet, England. Plaintiff also maintains an office in Beverly Hills, California, in this judicial district, through its U.S. subsidiary, Xposure Photo Agency Inc.

8. Plaintiff is a photo agency that represents over 40 photographers worldwide, including in the United States, and maintains a library of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty.

9. Plaintiff licenses such photographs to leading magazines, newspapers, and editorial clients, throughout the world, including in the United States and in California.

10. Defendant Khloé Kardashian is a television personality, model, author, businesswoman, and entrepreneur who is a resident of Los Angeles County. Her

business interests include or have included a fragrance line, a radio show, books and novels, reality television appearances, and a retail clothing boutique.

11. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed plaintiff's copyrights, have contributed to the infringement of plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged in this Complaint. The true names of defendants 1 through 10 are currently unknown to plaintiff, which therefore sues them by fictitious names and will seek leave to amend this Complaint to show their true names and capacities when that has been ascertained.

12. Plaintiff is informed and believes and on that basis alleges that at all relevant times each of the defendants was the agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the remaining defendants and was at all times acting within the scope of such relationship, or actively participated in or subsequently ratified and adopted each of the acts alleged, with full knowledge of all the facts and circumstances, including but not limited to, full knowledge of each and every violation of plaintiff's rights and damages to plaintiff proximately caused by such violation.

## BACKGROUND FACTS

13. Plaintiff is the owner and copyright holder of a photographic image (the "Photograph") that is part of a series of photos depicting defendant and her sister going for a meal at David Grutman's Miami restaurant, Komodo.

14. A complete application, fees, and deposits for copyright registration of the Photograph have been submitted to and received by the Copyright Office in compliance with the Copyright Act. A copy of the application is attached as Exhibit A.

15. The Photograph was created by author Manual Munoz and licensed for limited use to *The Daily Mail*, which published it, along with others in the same series, on September 13, 2016. The image published by *The Daily Mail* contained

copyright management information ("CMI") at the bottom left, in the form of a copyright notice stating "© XPOSUREPHOTOS.COM."

16. Plaintiff never licensed the Photograph to defendants. Nevertheless, defendants have used, and continue to use, the Photograph without authorization or permission from plaintiff to do so.

17. Specifically, Kardashian copied the Photograph and distributed it on Instagram on September 14, 2016.

18. The copy of the Photograph that Kardashian distributed on Instagram had been altered to remove the CMI showing plaintiff as the copyright owner of the image.

19. As of the filing of this Complaint, the Photograph was still accessible on Kardashian's Instagram feed.

20. The Photograph is highly creative, distinctive, and valuable. Because of Kardashian's celebrity status, and the Photograph's quality and visual appeal, plaintiff (and the photographer it represents) stood to gain licensing revenue from licensing the Photograph.

21. But defendants' unauthorized use harms the existing and future market for the original Photograph. Kardashian's Instagram post made the Photograph immediately available to her nearly 67 million followers and others, consumers of entertainment news—and especially news and images of Kardashian herself, as evidenced by their status as followers of Kardashian—who would otherwise be interested in viewing licensed versions of the Photograph in the magazines and newspapers that are plaintiff's customers.

22. In addition, defendants' unauthorized use is commercial in nature. Kardashian uses her Instagram feed for the purposes of promotion—specifically, to promote her own business interests, products, and ventures; to promote and sell the products and services of others; to maintain and increase her visibility and desirability as an endorser, actor, model, and television personality; and to promote

her persona itself, since Kardashian's celebrity status and popularity is central to her ability to sell on-air appearances in both Kardashian-branded and non-Kardashian-branded reality television as well as other entertainment programming. In short, every one of Kardashian's Instagram posts is fundamentally promoting something to her 67 million followers.

23. At the time that defendants copied and distributed the Photograph, they knew or should have known that they did not have authorization or permission to do so.

24. Defendants did not disclose their unauthorized uses of the Photograph to plaintiff or seek permission to use the Photographs. But for plaintiff's discovery of defendants' authorized uses, their infringements would still be concealed.

**CLAIM ONE**

**(For Copyright Infringement – Against All Defendants)**

25. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

26. The foregoing acts of defendants constitute infringement of plaintiff's copyrights in the Photograph in violation of 17 U.S.C. §§ 501 et seq.

27. Plaintiff suffered damages as a result of defendants' unauthorized use of the Photograph.

28. Plaintiff is informed and believes and on that basis alleges that defendants' acts of copyright infringement, as alleged above, were willful, intentional, and malicious, which further subjects defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

**CLAIM TWO**

**(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants)**

29. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

30. Plaintiff is informed and believes and on that basis alleges that defendants knowingly induced, participated in, aided and abetted in, and profited from the unauthorized reproduction and/or subsequent distribution of the Photographs.

31. Defendants, and each of them, are vicariously liable for the infringement alleged above because, on information and belief, they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

32. By reason of each of the defendants' acts of contributory and vicarious infringement as alleged above, plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

33. Plaintiff is informed and believes and on that basis alleges that defendants' acts of copyright infringement, as alleged above, were willful, intentional, and malicious, which further subjects defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

**CLAIM THREE**

**(For Removal of Copyright Management Information in Violation of 17 U.S.C. 1202 – Against All Defendants)**

34. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

35. On information and belief, defendants, or someone working on their behalf, removed CMI from the Photograph without authorization of plaintiff or the law and then distributed the Photograph, with the CMI removed, without the authorization of plaintiff or the law.

36. On information and belief, defendants' removal of the CMI from the Photograph was intentional, and defendants' distribution of the Photograph was with knowledge that the CMI had been removed without authorization.

37. Defendants' actions alleged above constitute a violation of 17 U.S.C. § 1202.

38. Plaintiff has suffered damages as a result of defendants' violation of 17 U.S.C. § 1202.

39. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff requests the following:

A. For a preliminary and permanent injunction against defendants and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell plaintiff's Photographs described in the Complaint;

B. For an order requiring defendants to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

C. Under 17 U.S.C. § 503, for impoundment of all copies of the Photographs used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by defendants without plaintiff's authorization—as well as all related records and documents;

D. For actual damages and all profits derived from the unauthorized use of plaintiff's Photograph or, where applicable and at plaintiff's election, statutory damages;

E. Under 17 U.S.C. § 1203, for actual damages for the unauthorized alteration or removal of copyright information or, where applicable and at plaintiff's election, statutory damages of not less than $2,500 or more than $25,000.

F. For an award of pre-judgment interest as allowed by law;

G. For reasonable attorney fees;

H. For court costs, expert witness fees, and all other costs authorized under law;

I. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated: April 25, 2017

Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By: /s/ Peter Perkowski

Peter E. Perkowski

Attorneys for Defendant
XPOSURE PHOTOS (UK) LTD.